Billy Jack **WHITHURST**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. C14–84–482–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

April 25, 1985.

Herb H. Ritchie, Houston, for appellant.

John B. Holmes, Dist. Atty., Lori B. Millberg, Asst. Dist. Atty., Houston, for appellee.

Before JUNELL, ROBERTSON and CANNON, JJ.

### OPINION

JUNELL, Justice.

Appellant pled not guilty to the offense of burglary of a habitation and then entered into a written stipulation of evidence

upon which the court entered its finding of guilt and assessed punishment at 8 years in the Texas Department of Corrections. On appeal he attacks (1) the trial court's denial of a motion to suppress in-court identification by a crucial state witness and (2) the sufficiency of evidence to show entry with intent to commit theft.

In his first ground of error appellant submits a two-pronged argument urging that the in-court identification should have been suppressed. First he contends that the identification is inadmissible because the witness initially identified appellant to police as appellant was being illegally detained. Second he complains that the out-of-court identification was an impermissively suggestive one-on-one show-up that would taint the witness's in-court identification.

■ We need not decide whether officers illegally detained appellant so that the one-on-one show-up could be held. Even if the appellant were under unlawful arrest at the time the witness identified him, the illegal arrest could not have tainted the witness's in-court identification. A defendant's face cannot be a suppressible fruit of an illegal arrest. *Pichon v. State,* 683 S.W.2d 422, 426 (Tex.Crim.App.1984) (en banc), *citing United States v. Crews,* 445 U.S. 463, 100 S.Ct. 1244, 63 L.Ed.2d 537 (1980).

We turn now to the second prong of appellant's first ground. The trial court conducted a pre-trial hearing on appellant's motion to suppress. The record of that hearing shows that at about 4:30 p.m. on the date of the offense Richard Marks arrived at his son's house for a visit. As he pulled into the driveway, he saw the carport door fly open and the appellant run out. The appellant tripped and fell, and as he got up Marks was able to get a good look at appellant's face from a distance of about 15 feet. Marks also noted that appellant wore no shirt and had a large bluish tatoo on his back. Appellant escaped through a wooded area behind the son's house. About ten minutes later, Marks again saw appellant running out of the wooded area. Marks reported the incident and gave sheriff's deputies a description of the suspect.

Between 8 and 8:30 p.m. the same evening Marks was taken by his son to a convenience store nearby to "look at the supposed burglar." After he arrived at the store, he spotted appellant leaning back on a police car. Appellant was not handcuffed at the time. Marks commented to his son "Well, they have him." There was a crowd of people at the scene. One of the police officers asked Marks if he recognized anybody there. He pointed out appellant. Marks testified at the hearing that he would be able to recognize appellant even if the confrontation at the convenience store had not occurred.

■ A one-on-one show-up identification is not illegal per se. *Ortega v. State,* 628 S.W.2d 539 (Tex.App.—Amarillo 1982, no pet.). The test for admissibility is whether the confrontation was, under the totality of the circumstances, (1) so unnecessarily suggestive and (2) so conducive to irreparable suggestive identification that the defendant was denied due process of law. *Stovall v. Denno,* 388 U.S. 293, 301–02, 87 S.Ct. 1967, 1972–73, 18 L.Ed.2d 1199 (1967); *Banks v. State,* 530 S.W.2d 940, 942 (Tex.Crim.App.1975). We hold that the circumstances of the show-up were not unnecessarily suggestive. Appellant was not handcuffed. He was part of a crowd of people. Marks specifically testified that the police officers at the scene did not indicate to him that the appellant was the person they wanted him to identify or that appellant was the person they intended to arrest for the burglary.

The show-up was also not conducive to irreparable mistaken identification. Marks had a good opportunity to view appellant at the scene of the crime and had paid attention to his features. He gave a good and accurate description of appellant to police before the show-up. He expressed no doubt as to the accuracy of his identification at the convenience store. The time between the crime and the confrontation was short, four hours at the most. *See*

*Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); *Ortega v. State*, 628 S.W.2d at 542. Appellant's first ground of error is overruled.

In his second ground of error, appellant contends that the written stipulation of evidence provided insufficient proof of intent to commit theft as alleged in the indictment. The intent to commit theft is a fact question that may be inferred from the circumstances. *Simmons v. State*, 590 S.W.2d 137 (Tex.Crim.App.1979). We hold that the trial court clearly could have inferred the intent to commit theft from the facts that (1) appellant had no permission to be in complainant's house, (2) appellant ran when discovered by the witness Richard Marks and (3) many items in the house had been moved and placed into bags. *See Stearn v. State*, 571 S.W.2d 177 (Tex.Crim. App.1978); *Garcia v. State*, 649 S.W.2d 70 (Tex.App.—Corpus Christi 1982, no pet.); *Warren v. State*, 641 S.W.2d 579 (Tex.App. —Dallas 1982, pet. dism'd). The second ground of error is overruled.

Finding no error, the conviction is affirmed.