Stephen Boyd TRAVIS, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 05–84–00515–CR, 05–84–00516–CR.

Court of Appeals of Texas, Dallas.

Sept. 11, 1985.

Tom S. McCorkle, McCorkle & Westerburg, P.C., Dallas, for appellant.

Henry Wade, Criminal Dist. Atty., and Kathi Alyce Drew, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, GUILLOT and HOWELL, JJ.

HOWELL, Justice.

Stephen Boyd Travis appeals from convictions for aggravated kidnapping and aggravated sexual abuse of a child. He complains that there is insufficient evidence to support the convictions, that the charge was fundamentally defective, and that the trial court erred in denying appellant's motion for severance. We hold that the evidence is sufficient, and, finding no reversible error, affirm both convictions.

The complainant, a 13-year-old girl at the time of the offense, testified as the sole witness to the events. On July 30, 1983, the complainant voluntarily rode with appellant and his father, Bennie Wayne Travis,[1] to visit a mutual friend and then go to a "derby." After leaving the friend's apartment, the Travises stopped at a roadside park, left the car and spoke for several minutes. They next stopped at a liquor store where the Travises bought beer, vodka, and orange juice. They also agreed to give a man a ride to Lake Ray Hubbard; he rode in the back seat. On the way to the lake appellant's father put his hand on the complainant's leg, but finally stopped at her request.

When the four arrived at the lake and while still in the car, the three men held the complainant's head and arms and forced her to drink several glasses of vodka and orange juice. When the complainant resisted, appellant's father pulled out a switch blade knife and put it up to her chin threatening to kill her if she did not drink and cooperate. The third man left, but appellant and his father continued to force the complainant to drink vodka. The complainant became nauseous, and, already scared, asked to be taken home.

During this time and shortly before leaving the lake appellant took the driver's seat. Appellant refused to take the complainant home, but when she began to retch in the front seat, the two men allowed her to lean out of the car, over appellant's lap. Complainant tried to crawl out of the car, but appellant pulled her back in. The complainant continued to ask to be taken home, but appellant refused and told her to suffer.

Appellant began driving; his father began putting his hands on the complainant and eventually raped her while appellant drove the car. Appellant laughed during the ordeal. They returned to the lake where the complainant managed to get out of the car and run away.

Helen Denham testified that the complainant came to her house late on the night of the offense looking ragged, filthy, and scared. The doctor who examined the complainant that night testified that her condition was consistent with recent sexual intercourse and clearly indicated penetration.

Appellant first maintains that there is "no evidence that appellant had any intent to assist his father in the abduction of the complainant or in the sexual assault." We disagree. "[A] person is criminally responsible as a party to an offense if the offense is committed ... by the conduct of another for which he is criminally responsible." TEX.PENAL CODE ANN. § 7.01(a) (Vernon 1974). "A person is criminally responsible for an offense committed by the con-

---

1. *See Bennie Wayne Travis v. State,* No. 05–84– 00461–CR (Tex.App.—Dallas May 16, 1985).

duct of another if ... acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. ..." TEX. PENAL CODE ANN. § 7.02(a)(2) (Vernon 1974).

It is an accepted premise that, on appeal the evidence must be viewed in support of the verdict. There is evidence of the appellant's own conduct from which the jury could have found him guilty of kidnapping. TEX.PENAL CODE ANN. § 20.03 (Vernon 1974). Appellant's conduct in preventing complainant from exiting the car and in forcing her back into the vehicle satisfied the statute's requirement. "[O]ur law imposes no minimal requirement for restraint other than that the interference with the victim's liberty be substantial." *Rodriguez v. State*, 646 S.W.2d 524, 527 (Tex.App.— Houston [1st Dist.] 1982, no pet.) (forcing complainant into her car and restraining her there for four minutes amounts to kidnapping.); *Bowers v. State*, 570 S.W.2d 929 (Tex.Crim.App.1978).

However, appellant was convicted of aggravated kidnapping which, in the context of this case, required evidence of an abduction "with the intent to ... violate or abuse [her] sexually." TEX. PENAL CODE ANN. § 20.04(a)(4) (Vernon 1974). Appellant's prime contention in this area is that there is no evidence of his complicity in the rape. Thus, he argues that he can neither be convicted of aggravated kidnapping nor rape.

■ Of course, mere presence at the scene is insufficient evidence of guilt. *Suff v. State*, 531 S.W.2d 814, 817 (Tex.Crim. App.1976). But, the evidence here goes further. Beginning with the stop at the roadside park, the automobile trip was a mutual endeavor. Father and son conferred together outside of complainant's hearing. Thereafter, they bought liquor and took complainant to a destination of their choosing. They forced her to drink some of it. They acted mutually to restrain her. When the father ravaged her, appellant expressed neither surprise nor disapproval; there was not so much as a

word of remonstrance. Instead, his laughter can be interpreted as condoning the crime, if not approving it. He continued to drive the auto around with no apparent destination in mind; they returned to their approximate point of departure. The jury could have legitimately inferred that the purpose of driving around was to afford the father an opportunity to commit the rape. There is no other explanation of this particular activity. After the father had obtained his satisfaction, he took the wheel and while the two men were changing places, complainant escaped. The evidence raises the inference that appellant was about to take his turn in violating the complainant.

■ In deciding if the defendant was a party to an offense, it is permissible to look at the events transpiring before, during and after the offense; common actions indicate the pursuit of a common design. *Tarpley v. State*, 565 S.W.2d 525, 529 (Tex. Crim.App.1978). Without doubt, appellant's actions throughout this episode did, in fact, assist the father in the accomplishment of the rape. The father's purpose was both encouraged and aided by appellant's actions. The only legitimate question is one of intent. Did he intend to "promote or assist" the offense? If so, appellant is guilty of both offenses. Intent may only be proved indirectly; it must always be inferred from the defendant's actions. We find enough common action and community of interest to sustain the jury's finding of intent. *See O'Neal v. State*, 109 Tex.Cr.R. 486, 5 S.W.2d 521, 525 (1928). The evidence suggests no purpose for the forcible excursion with this complainant other than the offense accomplished.

Appellant cites *Olever v. State*, 626 S.W.2d 105 (Tex.App.—Beaumont 1981, no pet.); *Urtado v. State*, 605 S.W.2d 907 (Tex.Crim.App.1980); and *Suff*, 531 S.W.2d at 814, but these authorities are distinguishable. In each of those instances, the court found no evidence of any purpose or design in common with the actor. As shown, the present circumstances differ considerably.

The complainant's testimony on cross-examination that appellant did not aid or assist Bennie Travis in the rape is not dispositive of the issue in light of her earlier recitation of the specific facts, which she at no time recanted. Inconsistency of a witness' testimony is a matter to be resolved by the jury. We hold that the evidence is sufficient to support both convictions.

Ground three complains of fundamental error in the aggravated kidnapping charge. In order to put the matter into perspective and weigh possible harm, we analyze the statute and the indictment as well as the charge.

TEX.PENAL CODE ANN. § 20.03(a) (Vernon 1974), the kidnapping statute, provides that "[a] person commits an offense if he intentionally or knowingly abducts another person." TEX.PENAL CODE ANN. § 20.01(2) (Vernon 1974) provides:

"Abduct" means to restrain a person with intent to prevent his liberation by:

(A) Secreting or holding him in a place where he is not likely to be found; or

(B) Using or threatening to use deadly force.

In an attempt to invoke the statute as applied to the facts of this case, the indictment alleged that appellant did:

[K]nowingly and intentionally abduct another person ... [A] by secreting and holding the complainant in a place where complainant was not likely to be found and [B] by threatening to use deadly force, namely, a knife on the Complainant,....

The applications paragraph of the charge instructed that if appellant did:

[K]nowingly or intentionally, either acting alone or as a party to the offense ... abduct another person [A] by secreting or holding the complainant in a place where complainant was not likely to be found and [B] then and there know the intent of Bennie Wayne Travis, if any, to use deadly force, namely, a knife, on the complainant, ... then you will find the defendant guilty....

From the statute, it is apparent that the offense of kidnapping may be accomplished by two clearly separate means—either (A) by secreting or holding the victim or (B) by using or threatening deadly force. Both means were alleged in the indictment and the sufficiency of the indictment itself has not been questioned.

Appellant challenges the charge because it does not require a direct finding by the jury that appellant or anyone else (for whose actions the appellant might be held criminally responsible) threatened to use deadly force. Instead, the charge only requires the jury to find that appellant "knew the intent of Bennie Wayne Travis ... to use deadly force." In other words, the jury was only directed to find that Bennie Wayne Travis was possessed of a certain state of mind. It was not required to find that Bennie Wayne Travis engaged in any overt conduct *pursuant to that state of mind.*

Had the indictment only charged upon the theory of kidnapping by means of deadly force, a serious problem would have been presented. However, this was but the second means presented in the charge. The first means instructed the jury that a verdict might be rendered if the abduction was accomplished by "secreting or holding the complainant." Appellant does not question the sufficiency of this portion of the charge and we do not envision any.

Had the second means inquiry ("and then and there knew the intent of Bennie Wayne Travis," etc.) not been included in the charge at all, the charge would have been sufficient under the statute, the indictment and the evidence. The inadequate submission of the second means inquiry may therefore be dismissed as surplusage unless appellant has been harmed thereby. We find no harm because the court submitted the two means in the conjunctive (and) rather than in the disjunctive (or). Had the court employed the disjunctive, the charge would have authorized conviction if the jury had decided (A) that "secreting or holding" had not been proved, but (B) that the intent of Bennie Wayne Travis had

been proved. However, the use of the conjunctive (and) required the jury to make findings against appellant upon both of the means allegations before it could return a verdict of guilt.

Appellant lodged no timely objection in the trial court; no error will avail unless it be fundamental. In support of his claim of fundamental error, appellant relies on *Morter v. State*, 551 S.W.2d 715 (Tex.Crim. App.1977). "[I]t is fundamentally wrong to authorize a conviction on any state of facts other than those which support the finding of the truth of the indictment." *Morter*, 551 S.W.2d at 718 (quoting *Moore v. State*, 84 Tex.Cr.R. 256, 206 S.W. 683, 684 (1918); *see also Cumbie v. State*, 578 S.W.2d 732, 733 (Tex.Crim.App.1979).

■ However, the charge as here submitted does not authorize a conviction on a state of facts which do not support a finding of the truth of the indictment. Here the indictment has conjunctively alleged two statutorily defined means of committing the offense. It is well established that where more than one means of committing an offense are alleged, proof of only one of the means is sufficient. *Dovalina v. State*, 564 S.W.2d 378, 381–83 (Tex.Crim.App. 1978) (and cases cited therein). The charge as given required the jury to find the appellant guilty of the crime alleged in the indictment. Since only one means or method is required to be proved and the charge was in the conjunctive, the appellant was not prejudiced by the fact that the second alleged means was improperly submitted. The extra language requiring the jury to *also* find a specific state of mind was not prejudicial to appellant as it only created an additional burden for the State.

Furthermore, the charge as given is supported by the facts adduced at trial. Appellant secreted or held complainant in a place where she was not likely to be found by keeping her in the car and driving around while his father accomplished the offense of rape. That appellant knew the intent of Bennie Wayne Travis to use a knife is evident in that he saw and heard Travis pull the knife on her and threaten

her life. Thus, we conclude that the complained-of portion of the charge does not present any harm, and certainly not "egregious harm." *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1985). The appellant has not been denied a fair and impartial trial. *See* TEX.CODE CRIM.PROC. ANN. art. 36.19 (Vernon 1981); *Almanza*, 686 S.W.2d at 172.

■ Lastly, the appellant urges that the trial court erred in denying his motion for severance. In his motion for severance, appellant did not demonstrate to the trial court that a joint trial would be "prejudicial to ... defendant." TEX.CODE CRIM. PROC.ANN. art. 36.09 (Vernon 1981). Appellant's defense at trial was that he was merely an innocent bystander, that his acts did not meet the requirements of criminal responsibility for the acts of another. Appellant's co-defendant offered no witnesses. The record fails to reflect statements or argument by co-defendant's counsel accusing or implicating appellant in any way. Co-defendant's position was that the rape simply did not occur.

■ In order to prove a prima facie case against a defendant as a party, which was the State's position against appellant, the State is required to prove its case against the principal or other actor. *Forbes v. State*, 513 S.W.2d 72, 79 (Tex.Crim.App. 1974), *cert. denied*, 420 U.S. 910, 95 S.Ct. 830, 42 L.Ed.2d 840 (1975). The evidence has been recited. We find none that would not have been admissible against appellant in a separate trial. We find nothing in the record that could have prejudiced appellant and appellant suggests nothing.

■ In support of his contention, appellant cites *Servance v. State*, 433 S.W.2d 709 (Tex.Crim.App.1968) and points to his own confession and guilty plea. While *Servance* holds that a defendant who pleads guilty before empanelment of the jury is entitled to a separate trial upon the issue of punishment, the record in this case shows that, during the trial, appellant changed his plea to not guilty. By doing so, he waived his right to a separate punishment hearing

under TEX.CODE CRIM.PROC.ANN. art. 26.14 (Vernon 1966).

The judgment is affirmed.