**Lora Lee ZAIONTZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–85–210–CR.**

Court of Appeals of Texas, Corpus Christi.

May 1, 1986.

Manuel Banales, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before BENAVIDES, UTTER and DORSEY, JJ.

## OPINION

BENAVIDES, Justice.

A jury convicted appellant of capital murder and sentenced her to life imprisonment. She raises issues involving accomplice witness testimony and the judgment's recitation that a deadly weapon was used. We affirm a modified judgment.

Two of the four men who were with appellant on the night of the murder testified for the State. They stated that the group of five left San Antonio by car on the evening of August 11, 1984. All had been drinking beer and taking drugs, and they planned "to party" on the beach near Corpus Christi. On route, some of them discussed robbing someone. After reaching their destination and spending a short time on the beach, they drove back into Corpus Christi. Two of the men robbed another man at gunpoint outside a convenience store while the others waited in the car. Appellant drove the car away from the scene, then let someone else drive. After driving around town, they stopped a man walking along a road. Appellant, in the front passenger seat, offered the man a ride. He accepted and sat next to her.

One of the group, Jerry Russel Stanley, was sitting behind the newcomer, later identified as Stephen Horton. Stanley was one of the two men who had robbed the first victim at the convenience store. Stanley placed a .22 pistol next to Horton's head and ordered him to turn over his wallet. Horton refused. Appellant pushed her nails into Horton's face to keep him from seeing the occupants of the car. After a few tense minutes, Troy Kunkle, who was sitting next to Stanley, took the gun from Stanley. Kunkle shot Horton in the back of his head. Appellant pushed Horton out of the car and grabbed his wallet, which contained thirteen dollars. The group then returned to San Antonio, and a passerby found Horton's body the next morning.

Several weeks later, two Corpus Christi police officers and a Texas Ranger contact-

ed Darial Thomas Sauls in Austin. Sauls sat next to the triggerman, Kunkle, on the night Horton was killed. Sauls voluntarily informed the policemen of the details surrounding the murder and made a written statement. He was not prosecuted for Horton's murder.

■ Appellant's first two grounds of error assert that the trial court erred in not instructing the jury that Sauls was an accomplice as a matter of law. The prosecutor admitted at trial that the only evidence linking appellant to the murder was the testimony of Sauls and Stanley. Stanley was undisputedly an accomplice to the killing and the trial court so instructed the jury. Prior to appellant's trial, he had pled guilty to murder in exchange for a thirty-year prison sentence. If Sauls was also an accomplice to the murder, the trial court would have had to acquit her since "(a) conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed...." TEX.CODE CRIM.PROC.ANN. art. 38.14 (Vernon 1979). The testimony of one accomplice cannot corroborate that of another. *Caraway v. State*, 550 S.W.2d 699, 702 (Tex.Crim.App.1977).

■ "An accomplice witness is someone who has participated with another before, during, or after the commission of a crime." *Russell v. State*, 598 S.W.2d 238, 249 (Tex.Crim.App.), *cert. denied*, 449 U.S. 1003, 101 S.Ct. 544, 66 L.Ed.2d 300 (1980). A witness is not deemed an accomplice because he knew of the crime but failed to disclose it or even concealed it. *Id.* The witness' mere presence at the scene of the offense does not alone prove that the witness is an accomplice witness. *Id. See generally Caraway v. State*, 550 S.W.2d 699 (Tex.Crim.App.1977); *Crew v. State*, 675 S.W.2d 787 (Tex.App.—Dallas 1984, pet. ref'd); *Robinson v. State*, 656 S.W.2d 111 (Tex.App.—San Antonio 1983, pet. ref'd).

■ The trial court did not instruct the jury that Sauls was an accomplice as a matter of law. Instead, the court submitted the question as a fact issue in its instruction to the jury. We hold that the court acted properly. A witness is an accomplice as a matter of law only if the evidence clearly shows the witness to be an accomplice. *Harris v. State*, 645 S.W.2d 447, 454 (Tex.Crim.App.1983); *Gonzales v. State*, 441 S.W.2d 539, 541 (Tex.Crim.App. 1969). If the evidence raises a question whether a witness was an accomplice, the court should submit the issue to the jury, even though the evidence may preponderate in favor of concluding that the witness is an accomplice as a matter of law. *Harris*, 645 S.W.2d at 454. *See also Carrillo v. State*, 591 S.W.2d 876, 882 (Tex.Crim. App.1979), *habeas corpus relief denied*, 723 F.2d 1165 (5th Cir.1984); *Crew v. State*, 675 S.W.2d 787, 788 (Tex.App.—Dallas 1984, pet. ref'd).

The evidence does not establish that Sauls was an accomplice as a matter of law. When Stanley pulled out the pistol on the way to Corpus Christi and suggested robbing someone, Sauls testified that he told Stanley "acid and guns don't mix." Stanley testified that "everyone in the car" agreed to rob Horton and that Sauls said nothing to try to talk them out of it. However, Sauls testified he never agreed to rob either the first victim or Horton, and that he protested their plan to rob Horton but was told to be quiet. Both Sauls and Stanley testified that Sauls complained about the shooting immediately after it occurred. Stanley pointed the gun at Sauls and threatened to shoot him unless he "shut up." Sauls remained quiet thereafter. After they returned to San Antonio, Sauls said he was afraid of the others but felt compelled to stay with them the next day because "we were always together. They sort of wanted to keep an eye on me because they felt that I'd go to the police."

The testimony of Sauls and Stanley reveals that Sauls knew of his companions' plans to rob people but that Sauls did nothing to assist in either of the robberies or the killing. The evidence did not so overwhelmingly implicate Sauls as to establish that he was an accomplice as a matter of

law. We overrule appellant's first two grounds of error.

Appellant's third, fourth and fifth grounds of error are premised upon this Court's sustaining her first two grounds. They involve the sufficiency of the evidence to sustain her conviction if Sauls is deemed an accomplice witness as a matter of law. Since we have overruled her first two grounds of error, we now also overrule her third, fourth and fifth grounds.

Appellant's sixth and seventh grounds of error allege that the trial court erred in making an affirmative finding in the judgment that a deadly weapon was used. The court charged appellant under the law of parties. The State agrees with her seventh ground that another person, not appellant, used the deadly weapon, and therefore the recitation in the court's judgment that a deadly weapon was used should be stricken. "(T)he defendant, not another party, must use or exhibit the deadly weapon" in order for a judgment to reflect that a deadly weapon was used. *Travelstead v. State*, 693 S.W.2d 400, 402 (Tex.Crim.App.1985). We therefore sustain appellant's seventh ground of error and reform the judgment of the trial court to delete the affirmative finding that the appellant used a deadly weapon, namely a firearm, during the commission of the murder. *See id.* Because of this decision, we do not reach the merits of her sixth ground, which asserts trial court error for making the affirmative finding without submitting an issue concerning the use of a deadly weapon to the jury.

The judgment of the trial court is MODIFIED to delete any reference to the use of a deadly weapon. As MODIFIED, it is AFFIRMED.