**Danilo GARZA GARZA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 13–89–127–CR to 13–89–129–CR.**

Court of Appeals of Texas,
Corpus Christi.

April 12, 1990.

Gilberto E. Rosas, Brownsville, for appellant.

Ben Euresti, Jr., County Criminal Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

A jury found appellant, Danilo Garza Garza, guilty of murder, aggravated kidnapping and aggravated sexual assault. Each offense was enhanced by two prior felony offenses. The trial court assessed punishment for each offense at life in the Texas Department of Corrections. Appellant's counsel filed a frivolous appellate brief in which he raises four points of error. Appellant filed a *pro se* brief in which he raises six points of error. We examine all points and affirm the trial court's judgment.

Appellant challenges the sufficiency of the evidence on all three convictions. The State's evidence shows that on September 27, 1988, Sandra Guajardo, Horacio Gonzales and appellant were together at a bar. Gonzales agreed to give appellant a ride home. All three left the bar and went to a restaurant. From there, appellant directed Gonzales to stop near a field. Gonzales and appellant got out on opposite sides of the pickup. Moments later, Guajardo got out and saw appellant shoot Gonzales. Appellant grabbed Guajardo, put a gun to her neck and told her that if she did anything, he would shoot her. He then raped her at gun point. Appellant then took Guajardo with him to Florida and told her that if she tried to escape, he would "use the gun" on her. In Florida, appellant and Guajardo stayed at the home of Juanita Guerrero. Guajardo told Guerrero what had happened. Later appellant was arrested.

Appellant testified that after leaving the restaurant, Gonzales drove Guajardo and himself to a field. He testified that Guajardo shot Gonzales. The defense also showed that Guajardo waited five days before telling Juanita Guerrero that appellant had killed Gonzales. During this five day period, Guajardo acted friendly towards appellant. All this time she had the opportunity to contact the police.

In his fifth *pro se* point of error, appellant complains that the indictments are fundamentally defective because the enhancement allegations fail to allege (1) the correct dates he was convicted, (2) that the prior convictions were upon indictments legally pending, and (3) that the prior convictions were final convictions. The grand jury returned three indictments: one for murder; one for aggravated kidnapping; and one for aggravated sexual assault. The State enhanced each indictment by

**654**

alleging prior felony convictions for criminal mischief and indecent exposure to a child.

■ We note that appellant does not argue that a jurisdictional defect exists in the primary offenses. The appellate record contains neither a motion to quash the indictments nor any other pre-trial motion or exception sufficient to raise these complaints to the trial court. Tex.Code Crim. Proc.Ann. art. 1.14(b) (Vernon Supp.1990), pertaining to indictments, states, in relevant part, that an accused "waives and forfeits the right to object to the defect" and "may not raise the objection on appeal or in any other postconviction proceeding" if he "does not object to [the] defect, ... of form or substance" before trial on the merits. Appellant failed to present his alleged indictment errors to the trial court at pretrial, he is, therefore, prohibited from raising these alleged errors for the first time on appeal. *Tovar v. State*, 777 S.W.2d 481, 486 (Tex.App.—Corpus Christi 1989, pet. ref'd); Tex.Code Cirm.Proc.Ann. art. 1.14(b) (Vernon Supp.1990).

■ In his first point of error, appellant's counsel argues that the trial court violated U.S. Const. Amend. V and XIV by failing to suppress appellant's confession. The question concerning admissibility of appellant's written statement, however, is not before us because it was not introduced into evidence. *McMahon v. State*, 582 S.W.2d 786, 789 (Tex.Crim.App.1978), *cert. denied*, 444 U.S. 919, 100 S.Ct. 238, 62 L.Ed.2d 175 (1979). Further, appellant does not specify what, if any, evidence was obtained as the result of the confession. The record discloses no objections by him on this basis to the evidence introduced.

■ In his third point of error, appellant's counsel argues that the trial court erred in overruling appellant's challenges for cause. During voir dire, appellant made a motion to excuse for cause Jurors 8, 14 and 21. Appellant argued, "No. 21 is a co-employee of the sheriff's department and wife works with the D.A. Now, they're obviously very good at answering the questions but I would say they're not

being good and frank, you know." The trial court excused Juror 21.

Tex.Code Crim.Proc.Ann. art. 35.16 (Vernon 1989), reads, in relevant part:

(a) A challenge for cause is an objection made to a particular juror, alleging *some fact* which renders him incapable or unfit to serve on the jury. A challenge for cause may be made by either the state or the defense for any one of the following reasons: (Emphasis added.)

The Statute provides numerous reasons supporting a challenge for cause. Appellant's objection to Jurors 8 and 14, however, was not a proper challenge for cause because he failed to allege some fact which rendered these jurors incapable or unfit to serve on the jury in accordance with any reason set forth in article 35.16. *Garcia v. State*, 626 S.W.2d 46, 56 (Tex.Crim.App. 1981). The trial court was not apprised of the basis of the challenge; therefore, we cannot conclude the court erred in overruling the objection.

■ Most importantly, however, even if it could be argued that the challenge for cause was sufficient and the trial court erred in overruling it, in order for appellant to show harm he must show (1) exhaustion of his peremptory challenges; (2) denial of a request for an additional peremptory challenge or challenges; and (3) the seating of a juror upon whom the appellant would have exercised a peremptory challenge. *Allridge v. State*, 762 S.W.2d 146, 166 (Tex. Crim.App.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 1176, 103 L.Ed.2d 238 (1989). In the instant case, appellant did not exhaust his peremptory challenges or request additional peremptory challenges, nor was there a juror seated upon whom appellant would have exercised a peremptory challenge or whom he stated was objectionable.

■ In appellant's first *pro se* point of error, and in appellant's counsel's fourth point of error, appellant challenges the sufficiency of the evidence to support his conviction for aggravated kidnapping. In reviewing the sufficiency of the evidence, we must determine whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could

have found the essential elements of the offense beyond a reasonable doubt. *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim. App.1989); *Zamora v. State*, 779 S.W.2d 886, 889 (Tex.App.—Corpus Christi 1989, no pet.). We must review all the evidence to determine whether the State has proven beyond a reasonable doubt each and every element of the alleged crime and not just a plausible explanation of the crime.

In order to find appellant guilty of aggravated kidnapping, the jury had to find that he intentionally or knowingly abducted another person with the intent to inflict bodily injury on him or violate or abuse him sexually. Tex.Penal Code Ann. § 20.04(a)(4) (Vernon 1989). Abduct "means to restrain a person with intent to prevent his liberation by: ... (B) using or threatening to use deadly force." Tex.Penal Code Ann. § 20.01(2)(B) (Vernon 1989).

> (1) "Restrain" means to restrict a person's movements without consent, so as to interfere substantially with his liberty, by moving him from one place to another or by confining him. Restraint is "without consent" if it is accomplished by: (A) force, intimidation, or deception; ...

Tex.Penal Code Ann. § 20.01(1)(A) (Vernon 1989).

■ The evidence shows that appellant abducted Sandra Guajardo by threats of deadly force. He placed a gun at her neck and warned her that if she did anything he would shoot her. He then made her lie down in the pickup's bed and raped her at gun point. The restrain in abduction does not necessarily "occur" only at one specific time. Guajardo was restrained from the moment appellant pulled the gun, threatened her, and made her lie in the pickup's bed. The abduction was a continuous ongoing event. There is no time limit for abduction. *Weaver v. State*, 657 S.W.2d 148, 150 (Tex.Crim.App.1983). The intent to violate or abuse Guajardo sexually was proved by her testimony that appellant made her lie in the pickup's bed, and that he raped her at gun point. We hold there is sufficient evidence to show the ongoing abduction together with the intent to violate or abuse sexually.

■ In appellant's second *pro se* point of error, and in appellant's counsel's fourth point of error, appellant challenges the sufficiency of the evidence to support his conviction for aggravated sexual assault. In order to convict appellant for aggravated sexual assault, the jury was required to find that he intentionally or knowingly caused the penetration of the female sexual organ of another person by any means, without that person's consent, and used or exhibited a deadly weapon in the course of the same criminal episode. Tex.Penal Code Ann. § 22.021 (Vernon 1989). Sandra Guajardo testified that, without her consent, appellant penetrated her sexual organ while holding her at gun point. We hold that the evidence is sufficient to support appellant's conviction for aggravated sexual assault.

■ In appellant's third *pro se* point of error, and in appellant's counsel's fourth point of error, appellant challenges the sufficiency of the evidence to support his conviction for murder. In order to find appellant guilty of murder, the jury had to find that he intentionally or knowingly caused the death of an individual. Tex.Penal Code Ann. § 19.02(a)(1) (Vernon 1989). Sandra Guajardo testified that she saw appellant shoot Horacio Gonzales. The State's pathologist testified that Gonzales' mortal wound was consistent with a gunshot. The evidence is sufficient to support appellant's conviction for murder.

In appellant's counsel's second point of error, appellant argues that the trial court erred in refusing to charge the jury on the accomplice-witness rule. Appellant argues that a fact question exists regarding whether Sandra Guajardo acted as an accomplice to Horacio Gonzales' murder. Appellant argues that a fact issue is raised because he testified that Guajardo committed the murder. He also points out that Guajardo went with him to Florida, never attempting to escape, and that she stayed with him several days at Juanita Guerrero's home, showing him affection.

■ Tex.Code Crim.Proc.Ann. art. 38.14 (Vernon 1979), provides:

A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.

An accomplice-witness is someone who assists the accused before or during the commission of an offense, *Crank v. State*, 761 S.W.2d 328, 349 (Tex.Crim.App.1988), and there must be some evidence of an affirmative act on the witness' part to assist in commission of the offense. *Kunkle v. State*, 771 S.W.2d 435, 441 (Tex.Crim.App. 1986), *cert. denied*, —— U.S. ——, 109 S.Ct. 3259, 106 L.Ed.2d 604 (1989).

■ If the witness cannot be prosecuted for the offense with which the defendant is charged, then the witness is not an accomplice witness as a matter of law. *Kunkle*, 771 S.W.2d at 439. In addition, "mere presence" at the crime scene is not a sufficient amount of participation to render a witness an accomplice witness. *Creel v. State*, 754 S.W.2d 205, 213 (Tex.Crim.App. 1988); *Zaiontz v. State*, 710 S.W.2d 152, 154 (Tex.App.—Corpus Christi 1986, no pet.). Moreover, a witness is not an accomplice witness simply because he or she knew of the offense and did not disclose it. *Beets v. State*, 767 S.W.2d 711, 724 (Tex. Crim.App.1987); *Zaiontz*, 710 S.W.2d at 154.

■ The evidence in a particular case determines what jury instruction needs to be given on an accomplice witness. When the evidence clearly shows the witness is an accomplice witness as a matter of law, the trial court must so instruct the jury. *Gamez v. State*, 737 S.W.2d 315, 322 (Tex.Crim.App.1987); *Harris v. State*, 645 S.W.2d 447, 454 (Tex.Crim.App.1983). When there is a question from the evidence whether a witness is an accomplice witness, it is then proper to submit that fact issue to the jury, and this is sufficient even though the evidence appears to preponderate in favor of the conclusion that the witness is an accomplice witness as a matter of law. *Gamez*, 737 S.W.2d at 322; *Harris*, 645 S.W.2d at 454. If the evidence is clear that the witness is not an accomplice witness, no charge need be given to the jury either that the witness is an accomplice witness, as a matter of law, or in the form of a fact issue whether the witness is an accomplice witness. *Gamez*, 737 S.W.2d at 322; *Harris*, 645 S.W.2d at 456.

■ In the case before us, appellant denied involvement in Gonzales' death. He testified that Guajardo killed Gonzales. His testimony, however, does not raise the issue whether Guajardo was an accomplice witness. Instead, his testimony is that she was the primary actor. The evidence also shows that appellant took Guajardo to Florida under threat of bodily injury. We conclude that there was no evidence that Sandra Guajardo acted as appellant's accomplice. We hold, therefore, that the trial court did not err by refusing to charge the jury on the accomplice witness rule. *See Gamez*, 737 S.W.2d at 322; *Harris*, 645 S.W.2d at 456.

■ In appellant's sixth *pro se* point of error, appellant attacks the constitutionally of Tex.Code Crim.Proc.Ann. art. 42.08 (Vernon Supp.1990) (Cumulative or concurrent sentence).[1] Article 42.08 provides as follows:

> (a) When the same defendant has been convicted in two or more cases, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction. Except as provided by Sections (b) and (c) of this article, in the discretion of the court, the judgment in the second and subsequent convictions may either be that the sentence imposed or suspended shall begin

---

1. Appellant did not raise in a motion for new trial or present at the punishment phase any objection based on the constitutional and statutory provisions on which he now raises in his appellate brief. Our Court of Criminal Appeals has held, however, that questions involving the constitutionality of a statute upon which a defendant's conviction is based should be addressed by appellate courts, even when the issue is raised for the first time on appeal. *Casares v. State*, 768 S.W.2d 298, 299 (Tex.Crim.App.1989); *Rabb v. State*, 730 S.W.2d 751, 752 (Tex.Crim. App.1987).

when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases, and sentence and execution shall be accordingly; ...

The trial court ordered appellant's three life sentences to run concurrently. Prior to sentencing, however, appellant had pleaded guilty to an offense, 89–CR–76–B. The trial court assessed punishment for this offense at forty years in prison to run consecutively with his three concurrent life sentences. Appellant argues that the absence of a notice provision in article 42.08 regarding when a consecutive sentence will be imposed is unconstitutional because it violates his Sixth Amendment right to effective assistance of counsel and his Fourteenth Amendment right to due process. We disagree.

▮ In *Hammond v. State*, 465 S.W.2d 748, 752 (Tex.Crim.App.1971), the Court of Criminal Appeals held that article 42.08 does not deprive an accused of his constitutional right of due process, and that said article is constitutional. Later, in *Johnson v. State*, 492 S.W.2d 505, 506 (Tex.Crim. App.1973), the Court reiterated the *Hammond* ruling, saying "[W]e reject the claim that the statute could be constitutional only if certain standards are set forth to guide the court in the exercise of its discretion." There is no "right" to a concurrent sentence; whether punishment will run concurrently or cumulatively is within the discretion of the trial court. *See Carney v. State*, 573 S.W.2d 24, 27 (Tex.Crim.App. 1978); *Quintana v. State*, 777 S.W.2d 474, 480 (Tex.App.—Corpus Christi 1989, pet. ref'd). Appellant does not argue, nor does the record reflect, an abuse of discretion by the trial court. Hence, in view of the rulings in *Hammond, Johnson, Carney* and *Quintana*, we conclude that the failure of article 42.08 to include a notice provision does not deny appellant due process of law or effective assistance of counsel. The trial court properly exercised its discretion under article 42.08 to cumulate the sentences.

In his third *pro se* point of error, appellant argues that he was denied the effective assistance of trial counsel. The proper standard by which we gauge the adequacy of representation by counsel at the guilt/innocence stage was stated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted in Texas in *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Crim.App.1986). The *Strickland* test requires a two-pronged analysis; (1) did the attorney's performance fail to constitute "reasonably effective assistance," i.e., did the defense attorney's representation fall below an objective standard of reasonableness under prevailing professional norms, and (2) if so, was there a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A "reasonable probability" was defined by the Supreme Court as "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068; *Alfano v. State*, 780 S.W.2d 494, 495 (Tex.App.— Corpus Christi 1989, no pet.).

Appellant lists several instances throughout the trial process which he claims amount to ineffective assistance of counsel. Appellant, however, has failed to show from the totality of the evidence that a reasonable probability existed that but for trial counsel's alleged errors, the result of the trial would have been different.

In *Ex parte Cruz*, 739 S.W.2d 53, 59 n. 1 (Tex.Crim.App.1987), the Court of Criminal Appeals held that the second prong of *Strickland* is not applicable to the punishment stage of a trial. The Court stated that the standard stated in *Ex parte Duffy*, 607 S.W.2d 507 (Tex.Crim.App.1980), would be the standard on which the effectiveness of counsel would be judged. This is, "the sufficiency of an attorney's assistance is gauged by the totality of the representation of the accused." *Ex parte Cruz*, 739 S.W.2d at 58.

▮ When reviewing the trial counsel's representation under *Ex parte Duffy*, we must examine the "totality of the representation," which includes the pretrial representation of the accused, the guilt/in-

nocence stage of the trial and the punishment stage of the trial. *Ex parte Walker*, 777 S.W.2d 427 (Tex.Crim.App.1989). After reviewing the record as a whole, we conclude that trial counsel's representation of appellant, as it impacted the punishment phase of the trial, was "reasonably effective."

We overrule all of appellant's points of error. The trial court's judgment is affirmed.