Gregory Jerome SANDERS, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 13–91–169–CR, 13–91–263–CR.

Court of Appeals of Texas, Corpus Christi.

June 16, 1992.

Connie B. Williams, Houston, for appellant.

John D. Holmes, Jr., Linda A. West, and Janie A. Willis, Houston, for appellee.

Before NYE, C.J., and KENNEDY and FEDERICO G. HINOJOSA, Jr., JJ.

OPINION

NYE, Chief Justice.

In a trial to the bench, the trial court found appellant guilty of aggravated kidnapping and aggravated sexual assault. Appellant pleaded "true" to two enhancement paragraphs, and the trial court assessed punishment at forty-five years' confinement. By three points of error, appellant complains of insufficient evidence and of the complainant's in-court identification. We affirm the trial court's judgments.

The complainant was abducted outside a beauty shop early in the morning. Appellant hit her on the head from behind and forced her into a car. The driver, Darrell,

held a six-inch switchblade knife inches from her face and told her not to scream. Darrell then drove to a junkyard where the two men repeatedly raped the complainant all day. Appellant twice injected the complainant with an unknown substance. At one point, the complainant testified that the appellant struck her in the face because "she wouldn't act like she was enjoying it." The men finally released the victim after dark by pushing her out of their vehicle at an intersection. The complainant ran to a pay phone near a Shell station at the corner of the intersection. From there she called the police and an ambulance. Dorothy Landry was working at the Shell station that night. She testified that appellant drove into the station, bought some gas, and then left. Only moments later, the complainant came into the station and asked Landry if she had seen the car and the man who just left. The complainant told Landry that she had been kidnapped and raped. Landry then took the complainant to a storeroom, where she remained until the police arrived. The complainant gave police a detailed description of her assailants. While she was making her statement, Landry returned to the storeroom and reported that the vehicle she had seen leaving the station when the complainant emerged was back.

Police followed the car and pulled it over a block away. Appellant and a male passenger were in the car. Appellant was wearing the same clothes the complainant described—blue jeans, a gray sweatshirt, and a white cap. Police drove the two men back to the Shell station where the victim positively identified appellant as one of her assailants. She did not identify the passenger as the other man who participated in the attack. The complainant also identified appellant in open court, and defense counsel objected on grounds that the police lacked probable cause to stop appellant.

■ By point one, appellant maintains that the complainant's in-court identification was tainted by the illegal arrest. He argues that police did not have probable cause to stop him, and therefore the complainant's in-court identification was taint-

ed by the illegal stop. We need not decide whether the officers illegally detained the appellant. "Even if he were under unlawful arrest at the time the witness identified him, the illegal arrest could not have tainted the complainant's in-court identification. The accused's face cannot be a suppressible fruit of an illegal arrest." *Pichon v. State*, 683 S.W.2d 422, 426 (Tex.Crim.App.1984), *cert. denied*, 471 U.S. 1137, 105 S.Ct. 2680, 86 L.Ed.2d 698 (1985); *Whithurst v. State*, 690 S.W.2d 110, 111 (Tex.App.—Houston [14th Dist.] 1985, no pet.). The record contains no evidence that any police misconduct tainted the complainant's in-court identification of appellant. *See Pichon*, 683 S.W.2d at 426. Point one is overruled.

By point two, appellant claims that insufficient evidence exists to support the finding of aggravated sexual assault. He argues first that there is no evidence that appellant had sexual intercourse with the complainant. Appellant claims the complainant's testimony was incredible because medical evidence contradicted it. In determining the sufficiency of the evidence, the relevant inquiry is not whether the appellate court would have reached the same result as the fact finder below. *Villalon v. State*, 791 S.W.2d 130, 132, 134 (Tex.Crim.App.1990). Rather, the test for determining the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989); *Garza Garza v. State*, 788 S.W.2d 651, 655 (Tex.App.—Corpus Christi 1990, no pet.).

■ Appellant focuses his argument on the medical records. The medical reports from the rape kit admitted at trial indicated that the complainant had no bruises or torn tissues anywhere. Smears taken from the complainant showed no evidence of semen. However, the complainant testified that she offered no resistance because she feared for her life and wanted only to survive the incident so she could see her husband and son again. She further testified, quite explicitly, that both appellant and Darrell vio-

lated her a number of times throughout the day and into the night. She did not know if either man ejaculated, only that they became rougher with each episode of intercourse.

The only defense appellant offered was alibi. A woman referred to as "Strawberry" testified that she was with appellant in his car that evening. She had attempted to solicit him for sex, and therefore, he could not have been with the complainant, nor pushed her out of his car, at the time in question. On cross-examination, "Strawberry" admitted that she smoked "a lot" of crack cocaine that night. She could not specify the time her attempted solicitation took place or how long she was with appellant. She could testify only that "it was night." She stated that "when you're on drugs, you don't really know ... what time it is." Despite the apparent lack of medical evidence to corroborate the complainant's testimony, the trial court, as fact finder in this case, could have believed the complainant's testimony and wholly disbelieved the defense's evidence. *See Sharp v. State,* 707 S.W.2d 611, 614 (Tex.Crim.App.1986), *cert. denied,* 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). We find sufficient evidence to support a conviction for sexual assault.

■ Appellant further maintains that insufficient evidence exists to support a finding of aggravated sexual assault because there is no evidence that appellant used or exhibited a deadly weapon during the actual assault. The complainant testified that Darrell was the one who threatened her with a knife. She never testified that appellant had the knife or threatened her with the knife himself. Nevertheless, we find sufficient evidence that appellant was guilty of aggravated sexual assault since he was a party to the crime.[1]

■ The essential elements of sexual assault are that (1) a person (2) intentionally or knowingly (3) causes the penetration of the female sexual organ (4) of another person (5) by any means (6) without that person's consent. *Garza Garza v. State,* 788 S.W.2d at 655; TEX.PENAL CODE ANN. § 22.-

021(a)(1) (Vernon 1989). The offense is aggravated if the actor uses or exhibits a deadly weapon in the course of the same criminal episode. TEX.PENAL CODE ANN. § 22.021(a)(2)(A)(iv) (Vernon 1989).

Sections 7.01 and 7.02 of the Texas Penal Code read in pertinent part:

A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.

(a) A person is criminally responsible for an offense committed by the conduct of another if:

(2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.

*Travis v. State,* 697 S.W.2d 786, 787–88 (Tex.App.—Dallas 1985, no pet.); TEX.PENAL CODE ANN. §§ 7.01–7.02 (Vernon 1974). Here, appellant was a participant in the entire criminal episode. He abducted the complainant by hitting her on the head and pushing her into the vehicle. He got into the car after the complainant, on the passenger side, and blocked her exit, thus facilitating Darrell's ability to threaten her with the knife. The complainant stated that Darrell took her purse and money and gave them to appellant. At the junkyard, appellant removed the victim's skirt and panties before he sexually assaulted her. Appellant then allowed Darrell to sexually assault her. At that point, the complainant testified that she saw Darrell fold up the knife and put it in his back pocket. The complainant also testified that appellant injected her with drugs and raped her repeatedly. At one point, he struck her. The evidence shows that appellant knew that Darrell was threatening the complainant with the knife. He assisted Darrell in doing so. Appellant sexually assaulted the complainant. We find that sufficient evidence exists to support a finding that appellant was guilty of aggravated sexual assault. *Sanchez v. State,* 722 S.W.2d 781, 785–86 (Tex.App.—Dallas 1986, pet. ref'd);

---

1. Appellant does not challenge the deadly weapon affirmative finding. *See Travelstead v. State,*

693 S.W.2d 400, (Tex.Crim.App.1985).

*Travis,* 697 S.W.2d at 787–789. The fact that he never held the knife himself is inconsequential to the finding of guilt. We overrule point two.

By his third point of error, appellant claims insufficient evidence exists to support the finding of aggravated kidnapping. Utilizing the same argument he made in point two, appellant argues that, since there was no evidence that he used a knife, and no evidence that he had sexual intercourse with the complainant, the evidence is insufficient to support a finding of aggravated kidnapping. Since we have found that sufficient evidence exists to uphold the finding of sexual assault based upon appellant's own participation and upon the law of parties, we find that his third point has no merit. Moreover, the indictment alleged that the kidnapping was aggravated because the men used or exhibited a deadly weapon and because they abducted the complainant with intent to violate and abuse her sexually. As previously discussed, the evidence supports a finding on either theory.

We AFFIRM the trial court's judgments.