Opinion issued August 11, 2005.










In The
Court of Appeals
For The
First District of Texas




NOS. 01-04-00090-CR
           01-04-00091-CR




DEREK ALAN BELL, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause Nos. 940370 and 941994




MEMORANDUM OPINION
 
          Appellant, Derek Alan Bell, pleaded guilty to two separate felony offenses of
aggravated robbery, and the trial court sentenced him to 12 years’ confinement in
each case. In his sole issue, appellant contends that the trial court erred in denying
his motion to suppress evidence. We affirm.
Factual Background
          On February 4, 2003, Carlos Hernandez and his wife were robbed by two men
in the parking lot of their apartment complex. Hernandez saw that one of the men had
a gun. After the robbery, Hernandez went to Nelson Figueroa’s nearby apartment and
asked him to help Hernandez search for the men so that they could recover his stolen
property. During the search, Hernandez and Figueroa were joined by Hernandez’s
nephew and Figueroa’s cousin (collectively referred to as “the search party”).          After searching the apartment complex for approximately 15 minutes, the
search party got into a car and continued their search because they were told that two
men fitting the description of Hernandez’s assailants were seen walking one block
from the complex. Minutes later, the search party spotted appellant and a friend as
the two were leaving a convenience store. The search party jumped out of the car,
and Figueroa pointed a gun at the two men. The two men tried to escape, but
Hernandez and his nephew conducted a citizen’s arrest, forced the two men into the
backseat of the car, and drove them to a police station. 
          While he was being questioned at the police station, appellant complained that
the search party had assaulted him. Later, appellant was taken to the downtown jail,
where he was placed in a video lineup. The lineup was later shown to the victims in
two robberies that had occurred in the same area a few days before Hernandez was
robbed. The victims of the other robberies identified appellant as the person who had
robbed them. Appellant was subsequently indicted for the two robberies,


 and he
filed a motion to suppress evidence obtained as a result of the citizen’s arrest by the
search party. Following a hearing, the trial court denied appellant’s motion to
suppress.
Motion to SuppressIn his sole issue, appellant argues that the trial court erred in denying his
motion to suppress because his arrest was illegal under Texas statutory and common
law.


 
          In reviewing the trial court’s ruling on the motion to suppress, we apply a
bifurcated standard of review. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim.
App. 2000). We give almost total deference to the trial court’s determination of
historical facts that depend on credibility, while we conduct a de novo review of the
trial court’s application of the law to the facts. Id. 
          Where, as here, there are no findings of fact, we view the evidence in the light
most favorable to the trial court’s ruling and assume that the trial court made implicit
findings of fact that support its ruling as long as those findings are supported by the
record. See State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). If the trial
court’s decision is correct on any theory of law applicable to the case, the decision
will be upheld. Id. at 856. The fact finder is the sole judge of the witnesses’
credibility and may accept or reject any or all of the witnesses’ testimony. Taylor v.
State, 945 S.W.2d 295, 297 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d).
          Appellant argues that, because Hernandez did not pursue him immediately after
the robbery, the citizen’s arrest was illegal under section 14.01(a) of the Texas Code
of Criminal Procedure.


 Appellant asserts that “[any] fruits of the arrest are
inadmissible in a subsequent trial.”
          Appellant’s motion to suppress, however, requested more specific relief, and
stated the following:
Defendant moves this Court for an order deeming Defendant’s arrest
illegal and an order suppressing as evidence all testimony of any witness
relating to any identification of Defendant made after such illegal arrest
by a witness or witnesses at a line-up, showup and/or photographic
spread and suppressing, further, all testimonial evidence at trial which
relates to any identification of Defendant at a photographic spread, if
any, and lineup.
(Emphasis added.) It is well-settled law that a defendant’s face cannot be a
suppressible fruit of an illegal arrest. Pichon v. State, 683 S.W.2d 422, 426 (Tex.
Crim. App. 1985). Accordingly, we need not decide whether the citizen’s arrest in
the present case was illegal. See Whithurst v. State, 690 S.W.2d 110, 111 (Tex.
App.—Houston [14th Dist.] 1985, no pet.) (holding that, “Even if the appellant were
under unlawful arrest at the time the witness identified him, the illegal arrest could
not have tainted the witness’s in-court identification.”).
          Here, Houston Police Department Officer Szymczyk testified that, pursuant to
standard operating procedure, he interviewed appellant and conducted a video lineup. 
Based on information which linked robberies by “location, description of suspect, and
vicinity,” appellant became a suspect in the two other robberies. Additionally, both
complainants of the two other robberies separately identified appellant in a video
lineup as the man who had robbed them. Even if appellant had been unlawfully
arrested when the video lineup was created and when the victims identified him, the
illegal arrest could not have tainted the witnesses’ identification from the video
lineup. See Crews, 445 U.S. at 473, 100 S. Ct. at 1251 (noting that, “the victim’s
capacity to identify her assailant in court neither resulted from nor was biased by the
unlawful conduct committed long after she had developed that capacity”).
          Accordingly, we hold that the trial court did not abuse its discretion by denying
appellant’s motion to suppress evidence because a defendant’s face cannot be a
suppressible fruit of an illegal arrest. See Pichon, 683 S.W.2d at 426.
          We overrule appellant’s sole issue. 
Conclusion
          We affirm the judgment of the trial court.
 
 

                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Jennings and Hanks.
Do not publish. Tex. R. App. P. 47.4.