Joel KEMP a/k/a Joel King, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–86–810–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 17, 1987.

Richard Frankoff, Henry L. Burkholder, III, Houston, for appellant.

Frances M. Northcutt, Houston, for appellee.

Before JUNELL, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a conviction for aggravated sexual assault. A jury found Appellant guilty and the court assessed his punishment, enhanced by two prior felony convictions, at thirty years confinement in the Texas Department of Corrections. We affirm.

Appellant asserts three points of error on appeal. In his first point of error, Appellant contends that the evidence was insufficient to prove that Appellant placed the complainant in fear of serious bodily injury or kidnapping.

The evidence at trial showed that at 2:30 p.m. on April 27, 1986, Appellant grabbed the complainant as she was walking past a game room that had gone out of business. He pulled her inside, locked the door and took her into the office. He ordered her to undress and threatened to beat her with a coat hanger when she refused. He hit her repeatedly in the face when she began crying and continued to threaten to beat her with a coat hanger. He then forced her to engage in various acts of sexual intercourse. Appellant tied the complainant's feet, moved a couch in front of the only exit to the room, lay down on it and went to sleep. The next morning he left her locked in the game room. She waited until she was sure he was gone, broke a window with a brick and escaped.

Appellant contends that there was no evidence that Appellant was capable of causing serious bodily injury to the complainant or that he did cause such injuries. He also argues that there was no evidence the complainant was in fear of being secreted in a place where she was unlikely to be found because the game room was located near a major intersection and because

once she escaped she was able to find assistance with relative ease. Appellant further maintains that the complainant never testified that she was in fear of serious bodily injury or kidnapping.

We find from our review of the record that the evidence supports a finding of aggravation. In addition to testifying that she was afraid of Appellant, that he struck her several times and threatened to beat her with a coat hanger, the complainant testified as follows:

Q: During the time that he was doing that to you [performing anal intercourse], was he threatening you and using physical force and violence?

A: Yes.

Q: And can you tell me whether or not he placed you in fear that serious bodily injury and kidnapping would be inflicted on you if you didn't cooperate?

Mr. Frankoff: Your Honor—

A: *Yes.*

Mr. Frankoff: I object. And may we approach the bench for a second?

The Court: Yes.

An off the record discussion ensued after which the questioning continued. The court made no ruling on the objection and Appellant did not request that the answer be stricken or the jury instructed to disregard.

The complainant also testified that she was held in the game room by force for approximately twenty-four hours, that the game room was not open for business, that the door was locked, that her feet were tied and that Appellant told her she "wasn't going nowhere" and that she couldn't leave because if she tried to escape "he was going to beat me."

 In reviewing the sufficiency of the evidence to support the conviction the test is whether, viewing the evidence in the light most favorable to the jury's verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Sutherlin v. State,* 682 S.W.2d 546, 549 (Tex.Crim.App.1984); *Carter v. State,* 713 S.W.2d 442, 444 (Tex. App.—Fort Worth 1986, *pet. ref'd,* 742 S.W.2d 398 (Tex.Crim.App. 1987). *Fox v.*

*State,* 693 S.W.2d 593, 598 (Tex.App.—San Antonio 1985, no pet.) Appellant was indicted for the offense of aggravated sexual assault pursuant to Tex. Penal Code § 22.021(a)(2). That section provides that a person commits an offense if he by acts or words "places the victim in fear that death, serious bodily injury, or kidnapping will be imminently inflicted on any person." Tex. Penal Code Ann. § 22.021(a)(2) (Vernon 1987). Under this section it is no longer necessary to prove that the accused did or could have inflicted serious bodily injury or death. Similarly, it is not necessary to show that serious bodily injury or death was threatened or inflicted. Rather, the focus now is on whether the actor *placed the victim in fear* of such result. *Bank v. State,* 662 S.W.2d 627, 629 (Tex.App.—Houston [14th Dist.] 1983, pet. ref'd). The jury, as trier of fact, could consider Appellant's objective conduct, his acts, words or deeds and infer from the totality of the circumstances whether Appellant's overall conduct placed the victim in fear of imminent death, serious bodily injury or kidnapping. *Fox v. State,* 693 S.W.2d at 598. The complainant was grabbed by Appellant, dragged inside an abandoned building, threatened, beaten, and tied up. We find that Appellant's conduct was reasonably calculated to place the complainant in fear of imminent serious bodily injury and kidnapping. Further, she testified that his actions did inspire such fears. Point of error one is overruled.

In point of error two, Appellant contends that the trial court reversibly erred by failing to instruct the jury on the legal definition of "kidnapping". He argues that the term kidnapped "is often understood by laymen to mean unlawful restraint" whereas the definition found in § 20.01(2) and 20.03(a) of the Penal Code requires the accused either to use deadly force or to secrete the victim in a place where he or she is not likely to be found. Appellant made no objection to the jury charge at trial and now asserts egregious error under *Almanza v. State,* 686 S.W.2d 157 (Tex. Crim.App.1984). Appellant claims that he was harmed by the trial court's omission because the evidence showed that the game

room was not a place where the complainant was unlikely to be found. We disagree.

In the absence of a specific trial objection, the test for reversible error is whether Appellant suffered "egregious harm." *Almanza v. State*, 724 S.W.2d 805, 807 (Tex.Crim.App.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 1901, 95 L.Ed.2d 507 (1987). To amount to egregious error, actual harm to Appellant such that he has not had a fair and impartial trial is required. *Almanza v. State*, 686 S.W.2d at 171. The degree of actual harm is evaluated in light of the entire jury charge, the evidence, arguments of counsel and any other relevant information revealed by the entire record. *Almanza v. State*, 686 S.W.2d at 171.

■ The record shows that the game room was a place where the victim was not likely to be found. It was not an operating business and the building was used for storage of video game equipment. Further, the complainant was held by Appellant in an inner office. The fact that the building was near a major intersection is irrelevant to the question of whether she was likely to be found *inside* that building. In light of the record as a whole Appellant has failed to show egregious harm as a result of the trial court's omission. Point of error two is overruled.

In point of error three, Appellant asserts that the trial court erred in failing to order preparation of a transcript of the complainant's direct examination testimony prior to the continuation of the trial.

The record shows that the trial commenced on September 2, 1986. On Thursday, September 4, 1986, a recess was called due to the hospitalization of the complainant. At that time the court advised both the prosecutor and defense attorney that, "the best and fairest thing to do in this case is to recess the court at this time ... and to tell them they will be called back either next week or *probably the following week....*" (Emphasis supplied.) The defense counsel indicated that this arrangement was acceptable to him. The trial was reset to Monday, September 15, 1986. Appellant did not file his Motion for Transcript until Friday, September 12, 1986. Appellant cites numerous cases where it has been held that a defendant is entitled to a transcript in preparation for *retrial* of a case. He urges this court to extend that rule to continuances during the original trial of a case.

The Texas courts have followed the rule established in *Britt v. North Carolina*, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971), requiring the State upon retrial to supply an indigent defendant with a transcript of his previous trial. However, they have also required that a defendant exercise due diligence in making a timely request for a statement of facts. *Billie v. State*, 605 S.W.2d 558, 561–562 (Tex.Crim. App.1980); *McCarter v. State*, 527 S.W.2d 296, 301 (Tex.Crim.App.1975); *Daniels v. State*, 708 S.W.2d 532, 535 (Tex.App.—Dallas 1986, no pet).

■ We agree that when a trial is recessed for ten days the defense counsel is at a disadvantage in conducting the cross-examination of a complaining witness, and we believe that there is some validity for the extension of the rule to situations where a timely motion for a transcript is made after a continuance is granted during a criminal trial. However, we find that Appellant's motion was not timely. He should have made his request immediately when it was obvious that the complaining witness would be unable to return for several days. Instead, he waited until the Friday prior to the Monday trial date to make his request. We hold that even if the rule established in *Britt* is applicable, Appellant failed to exercise due diligence in making a timely request for a transcript. Point of error three is overruled.

Accordingly, the judgment of the trial court is affirmed.