**Angel Luis ORTIZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–90–300–CR.**

Court of Appeals of Texas,
Houston (14th Dist.)

Jan. 10, 1991.

Lana Gordon, Houston, for appellant.

Linda A. West, Houston, for appellee.

Before PRESSLER, CANNON and ELLIS, JJ.

OPINION

CANNON, Justice.

Appellant entered a plea of not guilty before a jury to the offense of aggravated sexual assault. TEX. PENAL CODE ANN. § 22.021 (Vernon 1989). He was convicted and the court assessed punishment at imprisonment for fifty years. We affirm.

The complainant in this case is twenty-seven years old but is mentally-retarded and functions at the level of an eleven-year-old child. Silver Star personal care facility is a long-term, residential care facility for the mentally retarded located at 4311 Fagan in Houston. As a resident since 1985, the complainant was allowed the privilege of signing out of Silver Star on a pass to visit family members, provided they were contacted in advance.

On October 8, 1989, the complainant signed out of Silver Star to ride the bus to visit his mother and sister. His mother resided at the Point Moritz Apartments in the Spring Branch area of Houston. When he arrived at his mother's apartment, the complainant found his mother and sister waiting for him. After taking his sister home, the complainant and his mother went to another apartment at the Point Moritz. There were three men there, including appellant, who were drinking beer.

After drinking beer with these men, the complainant and his mother went back to her apartment. They were accompanied by appellant. Soon after arriving at the apart-

ment, the complainant and appellant left to buy more beer at a nearby convenience store. On the way back, they passed through a field across the street from the apartments. They stopped in the middle of the field and sat down "to look at the stars." At that point, appellant pulled down the complainant's pants. The complainant told him "no" and tried to get away but appellant hit him on the lip with his fist. Appellant forced the complainant to lie down on the grass and then sodomized him. When appellant was finished, he got up and walked away. The complainant found the apartment security guard and told him what had occurred. The security guard called the police and an ambulance.

In his sole point of error, appellant complains the evidence is insufficient to support his conviction for aggravated sexual assault.

The indictment charged appellant with intentionally or knowingly causing the penetration of the anus of the complainant by placing his sexual organ in the anus of the complainant without the complainant's consent. TEX.PENAL CODE ANN. § 22.021(a)(1)(A)(i) (Vernon 1989). The indictment further alleged that appellant, by acts or words occurring in the presence of the complainant, threatened to cause the death of, and serious bodily to, the complainant. TEX.PENAL CODE ANN. § 22.021(a)(2)(A)(iii) (Vernon 1989). Appellant contends his conviction cannot stand because he did not threaten to inflict death or serious bodily injury, on the complainant. Appellant points out that he did not use a deadly weapon and that the complainant did not suffer serious bodily injury as defined by TEX.PENAL CODE ANN. § 1.07(a)(34).

In reviewing sufficiency of the evidence, the test is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime. *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989). Under section 22.021(a)(2), it is no longer necessary to prove the accused did or could have inflicted serious bodily injury or death. *Kemp v.*

*State*, 744 S.W.2d 243, 245 (Tex.App.—Houston [14th Dist.] 1987, pet. ref'd). It is also not necessary to show that serious bodily injury or death was threatened or inflicted. *Id.* Instead, we must review all of the evidence and determine whether the acts, words or deeds of appellant were sufficient to place a reasonable person in the complainant's circumstances in fear of imminent death or serious bodily injury. *Kowey v. State*, 751 S.W.2d 587, 591 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd).

According to the complainant's testimony, when appellant pulled down his [the complainant's] pants, he told appellant "no." The complainant struggled with appellant and tried to get away but appellant hit him in the lip. The complainant testified that appellant hurt him when he [appellant] forced him to lie on the grass and held him there. The complainant further testified that at the time appellant was sodomizing him, he was scared and in pain. The complainant also testified that he believed appellant was going to continue hurting him. Finally, the complainant testified that he called for help to a man walking by, but the man walked away after appellant told him something in Spanish. At the time of this incident and at the time of trial, the complainant was mentally retarded and functioned at the level of an eleven-year-old child. Most of the complainant's testimony was properly elicited by leading questions. TEX.R.CRIM.EVID. 610. His testimony establishes that he was in fear of death or serious bodily injury.

Furthermore, the complainant was taken to the hospital emergency room where he was examined by Dr. Ford Cashion. According to Dr. Cashion's testimony, the complainant "looked like he had been beaten up" and had "abrasions on his face which were not severe, but appeared raw and painful." The complainant also had minor abrasions on his neck, chest, right groin and back. Dr. Cashion characterized all of the these injuries as the result of "a good deal of force." Dr. Cashion's examination of the complainant's rectal area revealed that it was raw, irritated and sensitive. Dr. Cashion also testified that it

"drew tears of pain" from the complainant when he swabbed the complainant's rectum. There was also grass, weed, or dirt material between the upper thighs and the fold of the buttocks. Dr. Cashion's testimony is consistent with the complainant's testimony regarding the extent of force used and the reasonableness of complainant's fear of death or serious bodily injury.

Based on the totality of the circumstances, the jury could infer that appellant's overall conduct reasonably placed the complainant in fear of death or serious bodily injury. *Kemp v. State,* 744 S.W.2d at 245; *Kowey v. State,* 751 S.W.2d at 591. Viewing the evidence in a light most favorable to the verdict, a rational trier of fact could have found the essential elements of an aggravated sexual assault. Acccordingly, we overrule appellant's point of error and affirm the judgment of the trial court.

ELLIS, Justice, dissenting.

Finding myself in disagreement with the majority members of the panel, I record my respectful dissent. I find that the complainant's testimony and the other evidence at trial do not establish that the complainant was in fear of death or serious bodily injury.

I agree that the evidence need not show express verbal threats, infliction of serious bodily injury or use of a deadly weapon to support a conviction for aggravated sexual assault under the statute as amended in 1981. The conviction is supportable if the evidence, viewed in a light most favorable to the verdict, shows that appellant threatened the victim with death, serious bodily injury or kidnapping. Such a threat can be communicated through acts, words or deeds. *Richardson v. State,* 753 S.W.2d 759 (Tex.App.—Dallas 1988, no pet.). I find that such evidence is lacking in the instant case. I would sustain appellant's sole point of error and reverse appellant's conviction and order an acquittal.