# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00731-CR

**James Edward Wilcox, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT
NO. 20,344-CR, HONORABLE EDWARD P. MAGRE, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Following a jury trial, appellant James Edward Wilcox was convicted of aggravated sexual assault of a child. *See* Tex. Pen. Code Ann. ' 22.021(a)(1)(B)(i), (a)(2)(A)(ii) (West 2003). The jury assessed punishment, enhanced by two prior felony convictions, at forty-five years in the Institutional Division of the Texas Department of Criminal Justice and a $5,000 fine. By two issues, Wilcox appeals, challenging the factual and legal sufficiency of the evidence to support the aggravating element of the offense. We will overrule the issues and affirm the conviction.

### DISCUSSION

*Legal Sufficiency of Evidence*

In determining a legal sufficiency issue, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Staley v. State*, 887 S.W.2d 885, 888 (Tex. Crim. App. 1994). The reviewing court does not weigh the evidence. *Rodriguez v. State*, 939 S.W.2d 211, 218 (Tex. App.C Austin 1997, no pet.). The jury is the exclusive judge of the facts proved, the weight to be given the testimony, and the credibility of the witnesses. Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Alvarado v. State*, 912 S.W.2d 199, 207 (Tex. Crim. App. 1995). Any inconsistencies in the evidence should be resolved in favor of the verdict. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). The jury is free to reject or accept any or all of the evidence presented by either party. *Saxton v. State*, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991). The standard of review is the same for both direct and circumstantial evidence cases. *Green v. State*, 840 S.W.2d 394, 401 (Tex. Crim. App. 1992).

In order to find that appellant committed aggravated sexual assault, the jury had to find not only that Wilcox committed the sexual assault, but that while doing so he, by acts or words, placed the complainant in fear that death or seriously bodily would be imminently inflicted upon her.[1] *See* Tex. Pen. Code Ann. ' 22.021(a)(2)(A)(ii) (person commits aggravated sexual assault if he Aby acts or words places the victim in fear that death, serious bodily injury . . . will be imminently inflicted on any person@). On

---

[1] The indictment charging Wilcox with sexual assault of a child included the following aggravating element: AJAMES EDWARD WILCOX by acts and words threatened and placed [the complainant] in fear that death and serious bodily injury would be imminently inflicted on [the complainant] and said acts and words occurred in the presence of [the complainant] . . . .@

appeal, Wilcox does not challenge the sufficiency of the evidence regarding the physical elements of the sexual assault. Rather, the dispute is limited to whether Wilcox caused the complainant reasonably to fear imminent serious bodily injury or death.

In determining whether the State established the aggravating element of the offense, the jury must assess whether the complainant was fearful, whether the defendant=s conduct caused that fear, and whether the complainant=s fear was a reasonable result of the defendant=s conduct. *Grunsfeld v. State*, 813 S.W.2d 158, 162 (Tex. App.CDallas 1991), *aff=d*, 843 S.W.2d 521 (Tex. Crim. App. 1992); *Douglas v. State*, 740 S.W.2d 890, 891 (Tex. App.CEl Paso 1987, no pet.); *see also Kemp v. State*, 744 S.W.2d 243, 245 (Tex. App.CHouston [14th Dist.] 1987, pet. ref=d). The first element, whether the complainant was in fact fearful, is usually established by the testimony of the complainant. *Douglas*, 740 S.W.2d at 891. In examining the second and third elements, the jury may consider the defendant=s objective conduct, *i.e.*, acts, words, or deeds, and infer from the totality of the circumstances whether his overall conduct was the producing cause of the complainant=s fear and whether the subjective state of fear was reasonable in light of such conduct. *Brown v. State*, 960 S.W.2d 265, 268 (Tex. App.CCorpus Christi 1997, no pet.); *Kemp*, 744 S.W.2d at 245. The jury may find aggravating circumstances without a deadly weapon. *Lewis v. State*, 984 S.W.2d 732, 734 (Tex. App.CFort Worth 1998, pet. ref=d). It is not necessary to show that the threat of serious bodily injury or death was communicated verbally. *Mata v. State*, 952 S.W.2d 30, 32 (Tex. App.CSan Antonio 1997, no pet.); *Kemp*, 744 S.W.2d at 245. Nor is it necessary to show that the defendant could have inflicted serious bodily injury. *Grunsfeld*, 813 S.W.2d at

162; *see also Lewis*, 984 S.W.2d at 734; *Mata*, 952 S.W.2d at 32. Further, the victim need not articulate the exact words, AI am afraid.@ *Selvog v. State*, 895 S.W.2d 879, 882 (Tex. App.CTexarkana 1995, pet. ref=d). Where the objective facts of the assault would naturally cause the complainant to fear for her life or serious bodily injury, it is reasonable to assume that the complainant had the requisite level of fear in the absence of some specific evidence to the contrary. *Brown*, 960 S.W.2d at 268.

The complainant, a fifteen-year-old girl, testified that during the early morning hours of March 7, 2001, she left her house in search of crack cocaine to feed her addiction. She encountered an acquaintance, AJunior,@ who led her to a house where the complainant had sex with him in exchange for crack cocaine. The complainant wanted more crack cocaine, but Junior would not give her anymore. Instead, Junior directed the complainant to the unidentified owner of the house, who, in turn, led her to Wilcox=s house. The unidentified man left Wilcox=s house shortly after arriving with the complainant.

The complainant testified that she had seen Wilcox only once before. She described the conditions of the house as Areally dark@ with only one candle lit. The complainant and Wilcox were sitting on the couch when Wilcox offered the complainant some crack cocaine. The complainant became furious when she discovered that the substance Wilcox had offered her was not actually crack cocaine, but some other unidentified substance. When the complainant tried to leave, Wilcox would not let her go. Instead, Wilcox blew out the candle, told the complainant that he was going to have sex with her, put his hands on her throat, and informed her that she was not going anywhere and that she Aneeded to do this or he would hurt me.@ The complainant testified that she could not breathe while Wilcox had his hand on her throat. Wilcox struggled to pull off his pants and the complainant=s pants, all the while threatening the complainant

**4**

and telling her if she did not Ado it, he could hurt me, and that he will.@ Wilcox then pulled the complainant towards the bedroom and put her on the bed.  Wilcox sexually assaulted the complainant while she lay on the bed crying and hoping Wilcox would hurry and Aget it over with.@ Afterwards, the complainant asked Wilcox if she could leave; he acquiesced, but warned the complainant that she better not tell anyone what he did to her because he could really hurt her and he Ahad a lot of family.@ The complainant testified that during the entire ordeal, she was afraid that she would not be able to go home and that Wilcox would hurt her. She testified that she was afraid of Wilcox because of his tone of voice and because he was stronger than she was.

When viewed in the light most favorable to the verdict, this evidence establishes that the complainant was afraid that Wilcox would imminently inflict serious bodily injury on her.  Moreover, the evidence of Wilcox=s conductCplacing his hand over the complainant=s throat until she could not breathe and threatening to hurt herCalong with the objective facts surrounding the sexual assault, including Wilcox=s superior strength, is sufficient to establish that his conduct was the cause of the complainant=s fear and that her fear was a reasonable result of the conduct.  In sum, we hold that the evidence is legally sufficient to establish that while Wilcox committed the sexual assault, by acts or words, he placed the complainant in fear that death or serious bodily would be imminently inflicted upon her and overrule Wilcox=s first issue.

*Factual Sufficiency of Evidence*

In reviewing a factual sufficiency challenge, the reviewing court views all of the evidence in a neutral light.  *Johnson v. State*, 23 S.W.3d 1, 6-7 (Tex. Crim. App. 2000); *Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996).  In doing so, we may not substitute our judgment for that of the trier of

fact. *Jones*, 944 S.W.2d at 648. We will set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).

During cross-examination, the complainant admitted that she suffered no cuts or broken bones as a result of the assault. She also testified on cross-examination that Wilcox never indicated that he was not going to eventually let her leave the house. She agreed that when Wilcox took her to the bedroom, he made no threats at that time against her. And she admitted that Wilcox never brandished a weapon during the entire time that she was at his house.

Reviewing all of the evidence in a neutral light, including the controverting evidence, we hold that the jury could have reasonably concluded that Wilcox placed the complainant in fear of death or serious bodily injury and overrule his second issue.

### CONCLUSION

Having concluded that the evidence is both legally and factually sufficient to support the jury=s verdict that Wilcox committed aggravated sexual assault of a child, we affirm the trial court=s judgment.

David Puryear, Justice

Before Justices B. A. Smith, Patterson and Puryear

**6**

Affirmed

Filed:   March 20, 2003

Do Not Publish