Affirmed and Opinion filed March 16, 2004















Affirmed and Memorandum Opinion filed November 10, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-01168-CR

NO. 14-04-01169-CR

____________

 

MERCY BARIGOM ZIGAKOL, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

________________________________________________________________

 

On Appeal from the 184th District Court

Harris County, Texas

Trial Court Cause Nos. 950,172 & 950,173

________________________________________________________________

 

M E M O R A N D U M   O P I N I O N

Appellant Mercy Barigom Zigakol challenges
her convictions for aggravated sexual assault of a child in cause number 950,172,
and promotion of child pornography in cause number 950,173.  A jury found appellant guilty of both charges
and assessed punishment at thirty years’ confinement for the aggravated sexual
assault charge and ten years’ confinement for the promotion of child
pornography charge.  Appellant asserts
five issues on appeal challenging one of the trial court’s evidentiary rulings
and the legal and factual sufficiency of the evidence supporting her
convictions.  We affirm.




I.  Factual
and Procedural Background

            In October of 2002, Michael Lane and
appellant, Lane’s common-law wife at the time, went to the home of Lane’s
cousin, Sherry Ferrell, in Bryan,
 Texas.  When they arrived, it was around 1:00
a.m.  Appellant immediately asked to see
A.F., the complainant in this case, who was ten years old at the time.  Ferrell, who is A.F.’s mother, responded that
A.F. was in her bedroom asleep. 
Appellant went to A.F.’s bedroom, awoke her, and brought her
downstairs.  In the meantime, Lane had asked
Ferrell if A.F. could come to Houston
with them and spend the night in their apartment.  Ferrell replied that A.F. could make that
decision herself.  A.F. agreed to go with
them after appellant promised her a new doll. 


            After they arrived at the apartment, A.F. discovered that
there was not a new doll for her.  A.F.
went to sleep on the couch.  Shortly
thereafter, appellant came into the living room, awoke A.F., and told her to
take off all of her clothes and go into Lane’s bedroom.  Appellant moved their infant daughter from
the bed into a crib adjacent to the bed. 
Lane undressed and appellant directed A.F. and Lane to get into various
sexual positions as she took photographs of them.  The photos depict Lane performing sexual acts
on A.F. and forcing her to perform oral sex on him.  All of the photographs are taken from
different angles with some of the photos being quite close up.  The following day, appellant took A.F. to the
store and bought her a new doll. 

            Meanwhile, A.F.’s
younger sister discovered that A.F. was with appellant and Lane, and began to
cry and plead that her mother not make her go to appellant’s house.  When Ferrell questioned this response, the
younger daughter revealed that she had seen Lane on top of A.F., who was naked
at the time.  She also stated that “bad
things had happened to her sister.”  Ferrell,
very concerned, called appellant’s home, but appellant’s girlfriend was already
on the way to Ferrell’s home with A.F. 
When A.F. returned home, she confirmed the heinous acts, saying that
appellant forced her to engage in oral sex and vaginal intercourse with Lane.  Ferrell called the police in Bryan, Texas,
where she was living with her daughters at the time, and the Bryan Police
Department contacted the Houston Police Department.  Officer Valenta of the Houston Police
Department then executed a search warrant for appellant’s apartment and
recovered, among other things, several photographs.  The photographs show the unclothed A.F.
alone, and they show Lane engaged in various sexual acts with A.F.  According to A.F.’s mother, the photographs
are of A.F. when she was between six and ten years old.

            Appellant was arrested,
and the State charged her with aggravated sexual assault of a child.  In cause number 950,172, the indictment alleged
in pertinent part as follows: 

…the Defendant, heretofore on or about October 27, 2002, did then and
there unlawfully, intentionally and knowingly cause the sexual organ of AF, a
person younger than 14 years of age and not the spouse of the defendant, to
contact the sexual organ of Michael Lane.

 

Appellant also was charged
with promotion of child pornography in cause number 950,173.  The indictment alleged in pertinent part that:


…the Defendant, heretofore on or about October 27, 2002, did then and
there unlawfully, intentionally and knowingly promote by manufacture visual
material containing a film image, namely a photograph that visually depicts a
child younger then eighteen years of age, at the time the image was made, who
is engaging in sexual conduct, to wit: actual sexual intercourse, and the
Defendant knew that the material containing the image depicted the child
engaging in the conduct of actual sexual intercourse. 

 

The jury found appellant guilty in both cause numbers and assessed
punishment at thirty years’ confinement for the aggravated sexual assault
charge and ten years’ confinement for the promotion of child pornography
charge, both sentences to be served in the Texas Department of Criminal
Justice, Institutional Division.  

II.  Issues Presented

Challenging her convictions, appellant asserts five
issues on appeal: (1) the trial court erred by admitting hearsay testimony
under the excited-utterance exception; (2)-(3) the evidence presented at trial is
legally and factually insufficient to support her conviction of aggravated
sexual assault; and (4)-(5) the evidence presented at trial is legally and
factually insufficient to support her conviction of promotion of child
pornography.  For the reasons explained
below, we affirm appellant’s convictions. [1]

III.  Analysis

 

            A.        Did the trial court err by admitting the
outcry statement made by the complainant’s mother?

 

            In her first issue, appellant
contends that Ferrell’s testimony regarding A.F.’s outcry was inadmissible
hearsay.  More specifically, appellant
claims that the trial court erred by admitting the testimony into evidence
because the State failed to notify her that it was calling Ferrell as the
outcry witness.

            During Ferrell’s direct
examination, the trial court allowed her to testify about statements her
younger daughter made about seeing appellant on top of A.F. while A.F. was
naked.  Ferrell testified, “She told me
that he told her to go outside and look—watch for [appellant’s girlfriend].  She said it took too long.  She came back inside.  That he was on her sister.”  In response to further questioning, Ferrell
testified that her younger daughter told her that “[s]he saw her sister naked
and [Lane] was on top of her sister.”

            Appellant objected to
this testimony on hearsay grounds, but never objected to improper notice.  The State acknowledges that it failed to give
notice that Ferrell was the outcry witness, and instead listed two other
witnesses in the notice.  See Tex.
Code Crim. Proc. Ann. art. 38.072 (Vernon 2005) (outlining the minimum
requirements for the notice of intent to use outcry testimony).[2]  However, appellant has failed to preserve this
point of error for appeal because she did not object at trial on grounds of
improper notice.  Failure to object to
improper outcry notice waives the right to raise it on appeal. See Garcia v. State, 907 S.W.2d 635, 637 (Tex.
App.—Corpus Christi 1995), aff’d, 981 S.W.2d 683 (Tex. Crim. App. 1998) (holding
that State’s failure to comply with outcry notice requirements was waived by
appellant’s failure to raise objection on these grounds at trial); Skidmore v. State, 838 S.W.2d 748, 753 (Tex.
App.—Texarkana 1992, pet. ref’d) (holding that appellant waived argument that
testimony was inadmissible for failure to meet notice requirements of outcry
statute where objection at trial alleged that the testimony did not meet
qualifications for outcry, but did not specifically raise issue of State’s
notice to defendant).  Accordingly,
appellant has waived any complaint about the State’s failure to give proper
notice of the outcry witness.  See Tex.
R. App. P. 33.1. 

            In any event, even if
appellant had preserved error, she has not suffered any harm. The purpose of
the notice requirement in article 38.072 is to prevent the defendant from being
surprised by the introduction of the outcry-hearsay testimony.  See Gottlich
v. State, 822 S.W.2d 734, 737 (Tex. App.—Fort Worth 1992, pet. ref’d); Brown v. State, 756 S.W.2d 793, 797
(Tex. App.—Houston [14th Dist.] 1988, pet. ref’d).  The record is devoid of any evidence or
indication that appellant was surprised by Ferrell’s testimony; as such,
appellant’s case was not prejudiced by the admission of this evidence.  The outcry testimony offered through Ferrell
was no different from the testimony offered by A.F. herself.  

In addition, appellant was allowed to review the
state’s evidence file, had an opportunity to cross-examine the witness at
trial, and appellant has not shown how she was surprised by the outcry
testimony or how such testimony impeded her defense.  Thus, even if appellant had preserved her
complaint, any error was harmless.  See Mayes v. State, 816 S.W.2d 79, 88 (Tex.
Crim. App. 1991) (holding that error in admitting evidence can be rendered
harmless if other evidence at trial is admitted without objection and it proves
the same fact that the inadmissible evidence was offered to prove); Upton v. State, 894 S.W.2d 426 (Tex.
App.—Amarillo 1995, pet. ref’d) (holding that violation of procedural article
governing outcry testimony was harmless error); Fetterolf v. State, 782 S.W.2d 927, 930 (Tex. App.—Houston [14th
Dist.] 1989, pet. ref’d) (explaining that, where appellant failed to show
surprise by the hearsay testimony, appellant's case was not prejudiced by
admission of the hearsay testimony, even though the State failed to comply with
the notice requirement under 38.072); Gabriel
v. State, 973 S.W.2d 715 (Tex. App.—Waco 1998, no pet.) (holding that error
in admitting outcry statement was harmless where record did not reflect that
defendant was surprised; it did not reflect any prejudice from state’s failure
to give notice, and during trial defendant’s attorney had an opportunity to
question both complainant and complainant’s mother).  Accordingly, we overrule appellant’s first
issue.

B.
       Is the evidence legally and
factually sufficient to support appellant’s conviction for aggravated sexual
assault of a child? 

 

            In her second and third
issues, appellant contends that the evidence is legally and factually
insufficient to support her conviction for aggravated sexual assault of a child
because the State did not establish that appellant acted as a party to the
sexual assault or that appellant acted with intent to promote or assist in the
commission of the offense.  

In evaluating a
legal-sufficiency challenge, we view the evidence in the light most favorable
to the verdict.  Wesbrook v. State,
29 S.W.3d 103, 111 (Tex.
Crim. App. 2000).  The issue on appeal is
not whether we, as a court, believe the State=s
evidence or believe that appellant’s evidence outweighs the State=s
evidence.  Wicker v. State, 667
S.W.2d 137, 143 (Tex. Crim. App. 1984). 
The verdict may not be overturned unless it is irrational or unsupported
by proof beyond a reasonable doubt.  Matson
v. State, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991).  The trier of fact, “is the sole judge of the
credibility of the witnesses and of the strength of the evidence.”  Fuentes v. State, 991 S.W.2d 267, 271
(Tex. Crim. App. 1999).  The trier of
fact may choose to believe or disbelieve any portion of the witnesses’
testimony.  Sharp v. State, 707
S.W.2d 611, 614 (Tex. Crim. App. 1986). 
When faced with conflicting evidence, we presume the trier of fact resolved
conflicts in favor of the prevailing party.  Turro v. State, 867 S.W.2d 43, 47 (Tex.
Crim. App. 1993).  Therefore, if any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt, we must affirm.  McDuff v. State, 939 S.W.2d 607, 614 (Tex.
Crim. App. 1997). 

In contrast, when
evaluating a challenge to the factual sufficiency of the evidence, we view all
the evidence in a neutral light and inquire whether the trier of fact was
rationally justified in finding guilt beyond a reasonable doubt.  Zuniga v. State, 144 S.W.3d 477, 484 (Tex. Crim. App.
2004).  A reviewing court may find the
evidence factually insufficient in two ways. 
Id.  First, when considered by itself, the
evidence supporting the verdict may be too weak to support the finding of guilt
beyond a reasonable doubt.  Id.  Second, after weighing the evidence
supporting the verdict and the evidence contrary to the verdict, the contrary
evidence may be strong enough that the beyond-a-reasonable-doubt standard could
not have been met.  Id. at 484B85.  In conducting the factual-sufficiency review,
we must employ appropriate deference so that we do not substitute our judgment
for that of the fact finder.  Id. at 481B82.  Our evaluation should not intrude upon the
fact finder=s role as the sole judge of the
weight and credibility given to any witness=s
testimony.  Cain v. State, 958
S.W.2d 404, 407 (Tex. Crim. App. 1997). 
In conducting a factual-sufficiency review, we must discuss the evidence
appellant claims is most important in allegedly undermining the verdict.  Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).




            The jury was charged as
follows: 

The defendant, Mercy Barigom Zigakol, stands charged by indictment with
the offense of aggravated sexual assault, alleged to have been committed on or
about the 27th day of October, 2002, in Harris County, Texas.  The defendant has pleaded not guilty. 

…

 

All persons are parties to an offense who are guilty of acting together
in the commission of the offense.  A
person is criminally responsible as a party to the offense if the offense is
committed by her conduct of another for which she is criminally responsible, or
by both. 

 

A person is criminally responsible for an offense committed by the
conduct of another if, acting with intent to promote or assist the commission
of the offense, she solicits, encourages, directs, aids, or attempts to aid the
other person to commit the offense.  Mere
presence alone will not constitute one a party to an offense. 

 

Now, if you find from the evidence beyond a reasonable doubt that on or
about October 27, 2002, in Harris County, Texas, the defendant, Mercy Barigom Zigakol,
did then and there unlawfully, intentionally, or knowingly cause the sexual
organ of A.F., a person younger than fourteen years of age and not the spouse,
to contact the sexual organ of Gregory Lane, also known as Michael Lane . . . and
that the defendant, Mercy Barigom Zigakol, with the intent to promote or assist
the commission of the offense, if any, solicited, encouraged, directed, aided
or attempted to aid Gregory Lane, also known as Michael Lane, to commit the
offense, if she did, then you will find the defendant guilty as charged in the
indictment.  

 

            The law in Texas provides that a
person commits the offense of aggravated sexual assault if the person
intentionally or knowingly causes the sexual organ of a child to contact the
sexual organ of another person, including the defendant, and if the victim is
younger than fourteen years of age.  See Tex.
Pen. Code Ann. § 22.021 (Vernon
Supp. 2005).  Moreover, a person is
criminally responsible as a party to an offense if the offense is committed by
her own conduct, by the conduct of another for which she is criminally
responsible, or by both.  See Tex.
Pen. Code Ann. § 7.01 (Vernon 2003). 

            The evidence presented
in this case is both legally and factually sufficient to support appellant’s
conviction of aggravated sexual assault.  Both the complainant and the complainant’s
mother (Ferrell) testified in regard to appellant’s involvement in the sexual
assault.  On the night in question, appellant
and Lane arrived at A.F.’s house together but it was appellant that immediately
asked to see A.F.  Appellant went to
A.F.’s bedroom, woke her up, and brought her downstairs, with the intent to
bring her back to their apartment. A.F. agreed to go with appellant and Lane after
appellant promised her a new doll.  

            After they arrived at Lane’s
and appellant’s home in Houston,
A.F. found that they did not have a new doll for her and she went to sleep on
the couch.  Shortly thereafter, appellant
came into the living room, awoke A.F., and told her to take off all of her
clothes and go into Lane’s bedroom.  Appellant
moved their infant daughter from the bed into a crib adjacent to the bed.  Lane undressed and appellant directed A.F.
and Lane to get into various sexual positions as appellant took
photographs.  The photos depict Lane
performing sexual acts on A.F. and forcing her to perform oral sex on him.  All of the photographs are taken from
different angles, and some were taken at very close range.  The following day, appellant took A.F. to the
store and bought her a new doll.  All of
this testimony was provided by A.F. herself and demonstrates that appellant
encouraged, aided, and directed the sexual acts.  See
Thompson v. State, 697 S.W.2d
413, 416 (Tex.
Crim. App. 1985).

            Appellant asks us to
reverse her conviction because the State did not offer physical evidence to
corroborate A.F.’s testimony and because A.F was not asked when the alleged
offenses took place.  With regard to
appellant’s challenge to A.F.’s credibility, we begin by noting that “[t]he
jury is the exclusive judge of the credibility of the witnesses and of the
weight to be given testimony.”  Wesbrook
v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000) (en banc) (citing Jones
v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996)).  A.F., who was eleven years old when she testified,
stated that she knew the difference between telling the truth and telling a
lie, and that she understood how important it was for her to tell the
truth.  When appellant cross-examined
her, A.F. repeatedly stated that she was not lying.  The jury, as the factfinder, could have
believed A.F.’s testimony and wholly disbelieved any of the defense’s evidence.
 See
Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986); Marc v. State, 166 S.W.3d 767 (Tex. App.—Fort
Worth 2005, pet. ref’d) (holding that jury could have believed victim so as to
support conviction for aggravated sexual assault even though defendant argued
that the victim’s veracity was suspect because she was a prostitute and drug
addict and convicted felon); Sanders v.
State, 834 S.W.2d 447, 449 (Tex. App.—Corpus Christi 1992, no pet.).  

The testimony of A.F, standing alone, is sufficient to
support appellant’s conviction of aggravated sexual assault of a child.  Tex.
Code Crim. Pro. Ann. § 38.07; see Jensen v. State, 66 S.W.3d 528,
534 (Tex. App.—Houston [14th Dist.] 2002, pet. ref’d) (stating that the
testimony of a victim, standing alone, even when the victim is a child, is
sufficient to support a conviction for sexual assault); Satterwhite v. State,
499 S.W.2d 314, 315 (Tex. Crim. App. 1973) (holding that victim’s testimony
that appellant placed “his male organ into her private parts” was sufficient to
sustain conviction); Sanchez v. State, 479 S.W.2d 933, 940 (Tex. Crim.
App. 1972) (holding that victim’s affirmative answer to question about whether
defendant “put his private part in your private part,” along with corroborating
medical testimony, was sufficient to establish penetration); West v. State, 121 S.W.3d 95, 111 (Tex. App.—Fort
Worth 2003, pet. ref’d) (stating that victim’s testimony is sufficient to
sustain conviction of sexual assault); Kimberlin
v. State, 877 S.W.2d 828, 831 (Tex. App.—Fort Worth 1994, pet. ref'd) (holding
that a child victim’s outcry statement alone can be sufficient to support a
conviction for aggravated sexual assault); Butler
v. State, 875 S.W.2d 804, 806 (Tex. App.—Beaumont 1994, no pet.) (finding that
scientific and other corroborating evidence was not required for aggravated
sexual assault given that victim told her niece of the sexual assault only hours after the attack) (emphasis
added).  We conclude the evidence is
legally and factually sufficient to support appellant’s conviction of
aggravated sexual assault of a child. 
Accordingly, we overrule appellant’s second and third issues. 

C.        Is the evidence legally and factually sufficient
to support appellant’s conviction of promotion of child pornography? 

 

In her fourth and fifth issues, appellant contends
that the evidence is legally and factually insufficient to support her
conviction for promotion of child pornography. 
Appellant testified that she was not present, did not take the
photographs, and does not even know how to operate a digital camera.  

A person commits an offense of promotion of child
pornography if: 

(1) the person knowingly or intentionally possesses visual material
that visually depicts a child younger than 18 years of age at the time the
image of the child was made who is engaging in sexual conduct; and

 

(2) the person knows that the material depicts the child as described
by Subdivision (1).

 

Tex. Pen. Code Ann. § 43.26 (Vernon 2003).  The jury was charged according the above
definition.  The jury evaluated all of
the evidence presented at trial, including both A.F.’s testimony and
appellant’s testimony.  Applying the
standards of review outlined above in issues two and three, the jury, as the
fact finder, could have believed A.F.’s testimony and wholly disbelieved any of
the defense’s evidence.  See Sharp, 707 S.W.2d at 614.  The jury
is the exclusive judge of the credibility of the witnesses and of the weight to
be given testimony.  Wesbrook, 29
S.W.3d at 111.  A.F. was an eyewitness
and the complainant.  She testified that
appellant took the photographs during the sexual assault and that appellant directed
her to get into various sexual positions.  The evidence presented at trial is both
legally and factually sufficient to support appellant’s conviction of promotion
of child pornography.  See Savery v. State, 782 S.W.2d 321 (Tex.
App.—Beaumont 1989), aff’d 819 S.W.2d
837 (Tex. Crim. App. 1991) (holding that evidence was sufficient to show that
defendant intentionally and knowingly possessed child pornography found in his
bedroom); Tovar v. State, 165 S.W.3d
785 (Tex. App.—San Antonio 2005, no pet.) (holding that evidence was legally
sufficient to show that photographs taken by defendant depicted lewd exhibition
of genitals by child, as required for convictions).  Accordingly, we overrule appellant’s fourth
and fifth issues. 

            Having overruled all of appellant’s issues, we affirm
both of her convictions.

 

                                                                                    

                                                                        /s/         Kem
Thompson Frost

                                                                                    Justice

 

Judgment rendered and Memorandum Opinion filed November
10, 2005.

Panel consists of Justices Hedges, Fowler, and Frost.

Do Not Publish — Tex.
R. App. P. 47.2(b).

 

 











[1] We
note that Michael Lane
was convicted of two separate counts of aggravated sexual assault for this same
incident.  He appealed from these
convictions and asserted on appeal that the trial court erred by failing to
grant his request for separate jury trials, denying his motion to suppress, and
admitting hearsay testimony under the excited-utterance exception. Lane also
challenged the legal and factual sufficiency of the evidence to support his
convictions.  We affirmed both of these
convictions on appeal.  See Lane v. State, __ S.W.3d __, 2005 WL
2230411 (Tex. App.—Houston [14 Dist.] 2005, no pet. h.).





 

[2] It is
important to note that appellant filed an outcry notice that she intended to
use statements made by Ferrell in her defense. Strangely enough, even though
the notice appears to have been prepared by appellant, at trial, appellant
offered it into the reporter’s record as notice given by the State and the
State claimed that the notice was prepared and included by the State.  While it appears to contradict the notice in
the clerk’s record, the notice was clearly prepared and signed by appellant’s
defense attorney.